**TAULAGA MARESALA, Plaintiff**

v.

**PATEA S. of Vatia, PATEA FAMILY of Vatia, and MASANIAI TE'E, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 02-96

October 30, 1996

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Aviata F. Fa'alevao.
For Defendants, Asaua Fuimaono.

Order Granting Defendants' Motion for Summary Judgment:

## I. Introduction

On September 9, 1965, defendant Patea S. of Vatia ("Patea") filed an application with the Office of the Territorial Registrar ("Registrar") to register real property entitled "Laloulu," approximately .581 acres of land in Vatia, as communal land of the Patea family. Taulaga of Vatia ("Taulaga, Sr.,), the father of the present plaintiff, Taulaga Maresala Masaniai (hereafter "plaintiff") and Masaniai of Vatia filed objections to the title registration, and the matter was subsequently tried before the High Court of American Samoa.

On September 2, 1966, the High Court granted Patea's application and directed the Registrar to register the land Laloulu as the communal land of the Patea family. *Patea v. Taulaga*, 4 A.S.R. 739 (1966).

In 1987, and again in 1989, the High Court rejected plaintiff's attempts to reopen the litigation, granted the Patea family's motion for summary judgment, and awarded the latter their attorney's fees. *Taulaga v. Patea*,

4 A.S.R.2d 186 (1987); *Taulaga v. Patea*, 12 A.S.R.2d 64 (1989). In 1990, the High Court's Appellate Division upheld the 1989 decision of the High Court's Land and Titles Division. *Taulaga v. Patea*, 17 A.S.R.2d 34 (1990).

Plaintiff now files an "Action for Declaratory Judgment and Equitable Reliefs," and requests this court to revisit the issue of title to Laloulu on the following grounds: (a) that Taulaga, Sr., died prior to the date of the original trial, and that a formal successor to his matai title did not represent the Taulaga family's interests at trial; (b) that fraud and collusion occurred at the first trial, obviating the defense of *res judicata* and warranting a new trial on the merits.

## II. Discussion

In the instant case, plaintiff is seeking to set aside and vacate the High Court's decision and judgment in Case No. 270-1965, and to reset the matter for a new trial. In the 1989 Land and Titles Division decision, the High Court dismissed plaintiff's action for a new trial because plaintiff failed to request relief from the 1966 judgment within a reasonable time. *Taulaga v. Patea*, 12 A.S.R.2d 64, 65-66 (1989). While in 1987 plaintiff requested relief under T.C.R.C.P. 60, yet in the instant case he requests relief under the "court's power of equity pursuant to provisions of Chapter 11 of Title 43 of the American Samoa Code Annotate[d] (ASCA)."

■ We find that a reasonable limitations period must again apply. Plaintiff is requesting a new trial, and cannot evade Rule 60 consequences by simply omitting reference to the Rules. The High Court has recognized finality in Land and Titles decisions as an especially significant public policy interest, and even under our equitable powers, we refuse to entertain the merits of a claim raised thirty years after we have issued a final order.

We hold that plaintiff's cause of action is time barred.

## III. Order

As there are no triable issues of fact for determination, *Etimani v. Samoa Packing*, 19 A.S.R.2d 1, 4 (1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 91 L. Ed. 2d 265, 276 (1986), Defendant's motion for summary judgment is granted and the above entitled matter is DISMISSED.

The defendants are awarded reasonable attorney's fees and litigation costs against plaintiff in an amount to be approved by the court upon verified application by defendants.

It is so ordered.